IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00666-MSK-BNB

FREDERICK D. MOORE,

       Plaintiff,

v.

DR. SINGH, Medical Director or Medical Administrator of the Boulder County Department of
Corrections,

       Defendant.
_____

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**
_____

       **THIS MATTER** comes before the Court pursuant to Mr. Moore's Motion for Summary

Judgment **(# 22)**, and Dr. Singh's response **(# 26)**; Dr. Singh's Cross-Motion for Summary

Judgment **(# 27)**, and Mr. Moore's response **(# 28)**; and Mr. Moore's Motion for Judgment on

the Pleadings **(# 29)**, and Dr. Singh's response **(# 30)**.  The Court exercises jurisdiction pursuant

to 28 U.S.C. 1331.

## I. Facts

       The facts in this action do not appear to be in material dispute.  Mr. Moore was

incarcerated in the Boulder County Jail in June 2008.  Mr. Moore had been involved in a

physical altercation several weeks earlier and had suffered, among other injuries, fractures to his

ribs.  Mr. Moore was under the care of an external physician, Dr. Burnham, who had prescribed

a course of Vicodin for pain relief.  Although incarcerated, Mr. Moore received the Vicodin from

May 21, 2008 through June 4, 2008, when Dr. Burnham's prescriptions expired.

On June 20, 2008, Mr. Moore was again seen by Dr. Burnham, and again prescribed a course of Vicodin for pain relief.  When he returned to the jail, Nurse Revada Farnsworth took note of the fact that Dr. Burnham had prescribed additional Vicodin for Mr. Moore, even though Mr. Moore had gone without pain medication for the previous two weeks.  Nurse Farnsworth called Dr. Singh for instructions on the issue.  Dr. Singh advised her that if a review of Mr. Moore's x-rays showed the rib fractures resolving, Nurse Farnsworth should withhold the prescribed Vicodin and instead administer Motrin as a pain reliever; on the other hand, if the x-rays did not show the rib fractures resolving, Nurse Farnsworth should administer the Vicodin as prescribed.

Dr. Singh has submitted evidence indicating that Dr. Burnham contacted the jail's nursing staff on June 20, 2008, and acknowledged that Mr. Moore's x-rays were "normal" and that "it was difficult to see the original fracture."  An affidavit from Nurse Farnsworth indicates that Dr. Burnham "agreed with Dr. Singh's order that Mr. Moore could be prescribed Motrin" instead of the Vicodin.[1]  As a result, Dr. Singh instructed that Mr. Moore be provided Motrin instead of Vicodin.  Nurse Farnsworth indicates that Mr. Moore refused to take the Motrin that was offered.  Mr. Moore correctly notes that Dr. Singh made this decision without having ever

_____

[1]This alleged statement of Dr. Burnham is hearsay, and ordinarily inadmissible for purposes of summary judgment.  Fed. R. Civ. P. 56(c)(4) (affidavits must set out "facts that would be admissible in evidence").  Arguably, Dr. Singh may be offering Dr. Burnham's statement for a non-hearsay purpose – namely, for showing Dr. Singh's state of mind when revoking Mr. Moore's prescription for Vicodin – in which case, Dr. Burnham's alleged statement might be admissible over hearsay concerns.  Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statement "offered in evidence to prove the truth of the matter asserted).  Ultimately, Dr. Burnham's agreement *vel non* with Dr. Singh is not dispositive of this matter, and thus, the Court will proceed to analyze the issue without regard to what Dr. Burnham may have said with regard to Dr. Singh's treatment plan.

personally examined Mr. Moore.  Mr. Moore states that, as a result of Dr. Singh's decision, he

suffered prolonged pain and severe stress.

## II.  Procedural Context

Mr. Moore purports to assert claims under 42 U.S.C. § 1983, sounding in violation of the

5th, 8th, and 14th Amendments to the United States Constitution.

After Dr. Singh filed an Answer **(# 20)**, Mr. Moore filed a document **(# 22)** entitled

"Reply to Defendant's Answer to Complaint and Hereby Plaintiff's Motion for Summary

Judgment."  In this document, Mr. Moore primarily: (i) disputes an affirmative defense of failure

to exhaust raised in Dr. Singh's Answer; and (ii) argues that the scenario described in certain jail

medical records – by which Dr. Singh authorized jail nurses to review Mr. Moore's x-rays to

determine whether his injury was resolving and thus, whether Vicodin should be continued –

was implausible, as Vicodin is a controlled narcotic whose administration cannot be delegated to

non-physicians.

Dr. Singh both responded to **(# 26)** Mr. Moore's "motion," and moved **(# 27)** for

summary judgment, arguing that, among other things, the facts failed to establish any

constitutional violation.  Mr. Moore responded by filing a Motion for Judgment on the Pleadings

**(# 29)** that simply reincorporated arguments in his summary judgment motion.

In considering Mr. Moore's *pro se* filings, the Court is mindful of his *pro se* status, and

accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

However, such liberal construction is intended merely to overlook technical formatting errors

and other defects in his use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Mr. Moore of the duty to comply

with the various rules and procedures governing litigants and counsel or the requirements of the

substantive law, and in these regards, the Court will treat Mr. Moore according to the same

standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. U.S.*, 508

U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if

no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Summary adjudication is authorized when there is no genuine dispute as to any material fact and

a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Substantive law governs

what facts are material and what issues must be determined.  It also specifies the elements that

must be proved for a given claim or defense, sets the standard of proof and identifies the party

with the burden of proof.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986);

*Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment

motion, a court views all evidence in the light most favorable to the non-moving party, thereby

favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir.

2002).

If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P.

56(c)(1)(A).  Once the moving party has met its burden, to avoid summary judgment the

responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine dispute as to a material fact, a trial is required.  If there is no genuine dispute as to any material fact, no trial is required.  The court then applies the law to the undisputed facts and  enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

This case involves cross-motions for summary judgment.  "Because the determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a *prima facie* case or to establish a genuine dispute as to material fact, cross motions must be evaluated independently."  *In re Ribozyme Pharmaceuticals, Inc., Securities Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002); *see also Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000); *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

#### IV.  Analysis

Although Mr. Moore cites a variety of constitutional provisions as the basis for his claims, the constitutional provision most directly implicated here is the 8th Amendment's prohibition against cruel and unusual punishment.  To establish an 8th Amendment claim sounding in deliberate indifference to an inmate's medical needs, the inmate must show: (i) that he suffered from an objectively-ascertainable serious medical need; and (ii) that Dr. Singh subjectively knew that a failure to treat that condition would expose Mr. Moore to a substantial risk of harm, but Dr. Singh nevertheless consciously chose to disregard that risk.  *See e.g. Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir.2006).  A "mere difference of opinion" between the medical provider and the inmate – or, for that matter, a difference of opinion between two different providers – as to what constitutes appropriate treatment for the condition does not give rise to a claim, and even negligent treatment by the provider is insufficient to give rise to constitutional liability.  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

Here, the undisputed evidence is insufficient to carry Mr. Moore's burden of showing the second element – that Dr. Singh acted with a sufficiently culpable state of mind in declining to supply the Vicodin.  The record reflects that Dr. Singh did not simply disregard the risk that substituting Motrin for Vicodin might pose to Mr. Moore, but, rather, Dr. Singh independently concluded (arguably adversely to Dr. Burnham) that Vicodin was not necessary given the degree of Mr. Moore's recovery.  Dr. Singh's exercise of his own medical judgment in these circumstances, even if that judgment was exercised negligently (a finding this Court does not make), prevents Mr. Moore from demonstrating the subjective element of a deliberate indifference claim.  *See generally Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730,

735 (10th Cir. 2005) (unpublished) ("exercise of medical judgment" is not subject to redress

under the 8th Amendment), *citing Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992).

Accordingly, on the undisputed facts here, Mr. Moore cannot establish the subjective

component of his 8th Amendment claim.  The Court cannot discern any other cognizable

constitutional or federal[2] claim that could be cognizable under the undisputed facts herein.

Accordingly, Dr. Singh is entitled to summary judgment in this action.

For the foregoing reasons, Mr. Moore's Motion for Summary Judgment **(# 22)** and Mr.

Moore's Motion for Judgment on the Pleadings **(# 29)** are **DENIED**.  Dr. Singh's Cross-Motion

for Summary Judgment **(# 27)** is **GRANTED**.  The Clerk of the Court shall enter judgment in

favor of Dr. Singh and shall close this case.

Dated this 23rd day of March, 2011

**BY THE COURT:**

Marcia S. Krieger
United States District Judge

---

[2]To the extent that Mr. Moore's Complaint can be deemed to assert a claim for common-law negligence or medical malpractice against Dr. Singh, the Court would decline to exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367(c)(3).